U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 2 3 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY S. KRAVITZ,

                Plaintiff,

-vs-

CITY OF HUDSON, HUDSON CITY
POLICE DEPARTMENT, CITY OF
HUDSON CODE ENFORCEMENT
OFFICER CRAIG HAIGH, CITY OF
HUDSON DETECTIVE SERGEANT
MILLER
and other as yet
UNKNOWN EMPLOYEES and AGENTS
OF CITY OF HUDSON and UNKNOWN
EMPLOYEES and AGENTS OF HUDSON
CITY POLICE DEPARTMENT,

                Defendants.

---

**COMPLAINT**

Case No: 1:17-CV-1175
TJM/CFH

Plaintiff, JAY S. KRAVITZ, *pro se,* as and for his Complaint against CITY OF HUDSON, HUDSON CITY POLICE DEPARTMENT, CITY OF HUDSON CODE ENFORCEMENT OFFICER CRAIG HAIGH, CITY OF HUDSON DETECTIVE SERGEANT MILLER and other as yet UNKNOWN EMPLOYEES and AGENTS OF CITY OF HUDSON and UNKNOWN EMPLOYEES and AGENTS OF HUDSON CITY POLICE DEPARTMENT, (hereinafter collectively referred to as "Defendants"), hereby alleges the following:

### INTRODUCTION

1. Plaintiff, JAY S. KRAVITZ, *pro se*, brings this action against Defendants for violation of the Plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983, including Plaintiff's rights

1

pursuant to the First Amendment of the United States Constitution to petition the Government for a redress of grievances, his Fourth Amendment right against unreasonable searches and seizures, his Fifth Amendment right not to be deprived of property without due process of law, his Fourteenth Amendment right to Due Process of Law, his commensurate constitutional rights under the New York State Constitution, negligence and personal injuries. Plaintiff also claims attorney fees pursuant to 42 U.S.C. § 1988. Plaintiff is seeking to impose personal liability upon the Defendants for actions taken under color of state law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and thus is appropriately in the United States District Court pursuant to 28 U.S.C. § 1343(a)(3), (4) as well as 28 U.S.C. § 1331. The state law claims are brought pursuant to the supplemental jurisdiction provided by 28 U.S.C. § 1367. Venue is proper in the Northern District of New York as Plaintiff resides in Greene County, New York and Defendants are situated in Columbia County, New York. In addition, the incident which forms the basis of this action occurred in Columbia County, New York.

## THE PARTIES

3. At all relevant times herein, the Plaintiff Jay S. Kravitz was and still is a resident of the County of Greene, State of New York, and is a citizen of the United States of America.

4. Defendant CITY OF HUDSON is a municipality in the County of Columbia, is a County located in the State of New York.

5. Defendant HUDSON CITY POLICE DEPARTMENT is the police department of the City of Hudson, a municipality in the County of Columbia, is a County located in the State of New York.

6. Defendant CITY OF HUDSON CODE ENFORCEMENT OFFICER CRAIG HAIGH is the code enforcement officer for the City of Hudson, a municipality in the County of Columbia, is a County located in the State of New York.

7. Defendant CITY OF HUDSON DETECTIVE SERGEANT MILLER is a detective with the City of Hudson Police Department.

8. There may be other individuals or entities presently unknown to Plaintiff that participated in the wrongful activities described herein. Those individuals or entities may be added as parties to this action if and when they become known to Plaintiff.

9. All of the aforementioned Defendants shall collectively be referred to as the "Defendants."

## FACTUAL ALLEGATIONS

10. The Plaintiff owned the building located at 210-212 State Street in Hudson, NY at all times hereinafter herein.

11. On the 24th day of July, 2016, at 7:00 a.m., the Defendants HAIGH and MILLER entered the Plaintiff's building without a valid warrant being in effect.

12. There were furthermore then no legitimate grounds for the Defendant MILLER to be in the Plaintiff's building.

13. The Defendants then wrongly seized the Plaintiff's building, depriving him of the use as well as the means to derive income from the property.

14. That on July 24, 2016 and prior to that date the Plaintiff owned a number of buildings in the City of Hudson.

15. The Defendants wrongful actions on July 24, 2016 are subsequent to a pattern of and a

3

number of wrongful actions and attempt to seize by the individual and municipal Defendants of other properties of the Plaintiff, wrongfully using their powers of government, including police powers and regulatory authority.

16. After the prior incidents, the Plaintiff repeatedly availed himself of his Constitutional rights and contested these actions in Court.

17. The Defendants' actions on July 24, 2016 were wrongful and violative of the Plaintiff's Constitutional rights in and of themselves. This was additionally a wrongful retaliation against the Plaintiff for his previous assertions of his rights as a citizen.

### AS AND FOR A FIRST CAUSE OF ACTION-42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" thru and inclusive of "17" above, as if same were fully set forth at length herein.

19. The above-described wrongful entry and seizing of the Plaintiff's property by the Defendants in retaliation for his prior complaints against the Defendant CITY OF HUDSON constituted a violation of the Plaintiff's constitutionally guaranteed right to petition the government for a redress of grievances, as provided in the First Amendment of the United States Constitution, as made applicable to the States by operation of the Fourteenth Amendment.

20. By reason of said deprivation of Plaintiff's constitutional right to petition the government for a redress of grievances he has suffered serious personal injuries, emotional distress and commercial loss.

21. By reason of this violation of Plaintiff's constitutional rights, Plaintiff has been damaged in the sum of $2,000,000.00.

22. Plaintiff seeks an award of counsel fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION-42 U.S.C. § 1983 VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT AGAINST UNREASONALE SEARCHES AND SEIZURES

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" thru and inclusive of "22" above, as if same were fully set forth at length herein.

24. The above-described wrongful entry and seizing of the Plaintiff's property by the Defendants constituted a violation of the Plaintiff's constitutionally guaranteed right against unreasonable searches and seizures, Due Process of Law, as guaranteed by the Fourth Amendment of the United States Constitution.

25. By reason of said deprivation of Plaintiff's constitutional rights against unreasonable searches and seizures, he has suffered serious personal injuries, emotional distress and commercial loss.

26. By reason of this violation of Plaintiff's constitutional rights, Plaintiff has been damaged in the sum of $2,000,000.00.

27. Plaintiff seeks an award of counsel fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION- VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT NOT TO BE DEPRIVED OF PROPERTY WITHOUT DUE PROCESS OF LAW

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" thru and inclusive of "27" above, as if same were fully set forth at length herein.

29. By reason of the wrongful entry and seizing of the Plaintiff's property by the Defendants constituted a violation of the Plaintiff's right not to be deprived of property without due process of law, as guaranteed by the Fifth Amendment of the United States Constitution.

30. By reason of said deprivation of Plaintiff's constitutional right not to be deprived of property without due process of law, he has suffered serious personal injuries, emotional distress and commercial loss.

31. By reason of this violation of Plaintiff's constitutional rights, Plaintiff has been damaged in the sum of $2,000,000.00.

32. Plaintiff seeks an award of counsel fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION-42 U.S.C. § 1983
### VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT
### RIGHT TO DUE PROCESS OF LAW

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" thru and inclusive of "32" above, as if same were fully set forth at length herein.

34. The above-described wrongful entry and seizure of the Plaintiff's constituted a violation of the Plaintiff's constitutionally guaranteed right to Due Process of Law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

35. By reason of said deprivation of the Plaintiff's constitutional right to Due Process of Law, he has suffered serious personal injuries, emotional distress and commercial loss.

36. By reason of this violation of Plaintiff's constitutional rights, Plaintiff has been damaged in the sum of $2,000,000.00.

37. Plaintiff seeks an award of counsel fees pursuant to 42 U.S.C. § 1988.the Plaintiff has suffered has suffered serious personal injuries, humiliation and emotional distress.

### AS AND FOR A FIFTH CAUSE OF ACTION-42 U.S.C. § 1983

## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE
## NEW YORK STATE CONSTITUION

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" thru and inclusive of "37" above, as if same were fully set forth at length herein.

39. The above-described violations of the Plaintiff's rights pursuant to the United States Constitution was a violation of his commensurate rights under the New York State Constitution constituted a violation of the Plaintiff's constitutionally guaranteed right to Due Process of Law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

40. By reason of said deprivation of the Plaintiff's state constitutional, he has suffered serious personal injuries, emotional distress and commercial loss.

41. By reason of this violation of Plaintiff's state constitutional rights, Plaintiff has been damaged in the sum of $2,000,000.00.

43. Plaintiff seeks an award of counsel fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## 42 SC § 1983 - "MONELL" CLAIM

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" thru "43", above, as if fully set forth at length herein.

45. The aforementioned warrantless entry and seizure of the Plaintiff's building by the Defendants, which was furthermore conducted in retaliation for the Plaintiff's prior complaints against the Defendants' wrongful actions with regard to his buildings, was proximately caused by the failure of the Defendants CITY OF HUDSON and HUDSON CITY POLICE DEPARTMENT to properly supervise and discipline its officers, employees and agents.

46. The failure to properly supervise and discipline the Defendants CITY OF HUDSON and HUDSON CITY POLICE DEPARTMENT officers, employees and agents was due to the custom, practice, policy or usage of the Defendants of deliberate indifference to the constitutional and civil rights of citizens of and property owners in the City of Hudson, and in particular, the Plaintiff.

47. Upon information and belief, the Defendants' supervisory officials knew of their officers, employees and agents' prior violations of the constitutional and civil rights of the citizens of and property owners in the City of Hudson, and in particular, the Plaintiff., but failed to take effective disciplinary action as against them, as well as against other offending officers, employees and agents.

46. That the failure of the Defendants supervisory officials to discipline the officers, employees, and agents was due to the deliberate indifference of said supervisory officials to the constitutional rights of the Plaintiff and other citizens of and property owners in the City of Hudson.

47. By reason of such policy, practice, custom or usage, the Plaintiff has suffered a deprivation of his rights under the United States Constitution as made applicable upon the States by operation of the Fourteenth Amendment.

48. By reason of the above-described constitutional deprivation by the Defendants, he has suffered serious personal injuries, emotional distress and commercial loss, and other damages.

49. By reason of the foregoing, the Plaintiff has been damaged in the sum of $2,000,000.00 as and for compensatory damages.

50. Pursuant to 42 U.S.C. §1988 the Plaintiff seeks an award of counsel fees.

## NOTICE OF CLAIM

51. As to the above claims based upon State law, Plaintiff has duly served a notice of claim upon Defendants City of Hudson and Hudson City Police Department pursuantt to General Municipal Law § 50-e of the State of New York.

52. More than 30 days have elapsed since the service of said notice of claim, without Defendant, County of Columbia, paying or adjusting same.

## JURY DEMAND

53. Plaintiff demands a trial by jury of all issues in this case.

## PUNITIVE DAMAGES

54. The actions of Defendants HAIGH and MILLER, were undertaken herein willfully, wantonly, intentionally and with reckless disregard for the rights of the Plaintiff.

55. As to each of the above-described causes of action, Plaintiff further seeks an award of punitive damages as against the Defendant, in the sum of $2,000,000.00.

56. By operation of law, the Plaintiff cannot and does not seek punitive damages as against the Defendants CITY OF HUDSON and HUDSON CITY POLICE DEPARTMENT.

**WHEREFORE**, Plaintiff, Jay S. Kravitz, seeks judgment as against the Defendants, as follows:

a) in the sum of $2,000,000.00, as against the Defendants, on the first cause of action, jointly and severally, together with an award of counsel fees;

b) in the sum of $2,000,000.00, as against the Defendants on the second cause of action, jointly and severally, together with an award of counsel fees;

c) in the sum of $2,000,000.00, as against the Defendants on the third cause of action, jointly and severally, together with an award of counsel fees;

g) in the sum of $2,000,000.00, as against all Defendants, jointly and severally, on the fourth cause of action; and

h) in the sum of $2,000,000.00, as against all Defendants, jointly and severally, on the fifth cause of action; and

i) in the sum of $2,000,000.00, as against all Defendants, jointly and severally, on the sixth cause of action; and

j) in the sum of $2,000,000.00 as against Defendants, HAIGH and MILLER as and for punitive damages.

Dated:   October 23, 2017
         Earlton, NY

Respectfully submitted

*JAY S. KRAVITZ*
Jay S. Kravitz
Plaintiff *pro se*
P.O. Box 206
Earlton, NY 12058
(518) 567-4026