UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY S. KRAVITZ,

                              Plaintiff,

       v.                                               1:17-CV-1175 (TJM/CFH)

CITY OF HUDSON, CRAIG HAIGH, as City of
Hudson Code Enforcer, SERGEANT MILLER,
City of Hudson Detective, UNKNOWN
EMPLOYEES AND AGENTS OF CITY
OF HUDSON, UNKNOWN EMPLOYEES
AN AGENTS OF HUDSON CITY POLICE
DEPARTMENT,

                              Defendants.

---

**APPEARANCES:**
Jay S. Kravitz
P.O. Box 206
Earlton, New York 12058
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

    Plaintiff pro se Jay S. Kravitz commenced this action on October 23, 2017 with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). Dkt. No. 2. Upon review of plaintiff's IFP application, the undersigned concludes that he may properly proceed with this matter IFP.[1]

---

[1] Plaintiff is advised that, although he has been granted IFP status, he is still be required to pay any copying and/or witness fees that he may incur in this action.

## II. Initial Review

### 1. Allegations in Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Plaintiff, purporting to commence this action pursuant to 42 U.S.C. § 1983, alleges that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights, "his commensurate constitutional rights under the New York State Constitution, negligence and personal injuries." Compl. at 2. Plaintiff alleges that on July 24, 2016, defendants entered his property at 210-212 State Street in Hudson, New York, without a warrant. Id. at 3. He further contends that defendants then improperly seized his property. Id.

More specifically, plaintiff appears to suggest that his property was seized in violation of his First Amendment right to petition the government for redress of grievances insofar as he has "repeatedly availed himself of his Constitutional rights and contested . . . in Court" prior "wrongful actions and attempt[s] to seize by the individual and municipal Defendants of other properties of the Plaintiff." Compl. at 4. Next, plaintiff argues that the warrantless search of his property at 210-212 State Street

2

violated his Fourth Amendment right against unreasonable searches and seizures. Id. at 5. Plaintiff also contends that the seizure of his property at 210-212 State Street violated his Fifth Amendment right to be deprived of property without due process of law. Id. Next, plaintiff argues that the search and seizure violated his Fourteenth Amendment right to due process of law, and that the search and seizure has caused him to suffer "serious personal injuries, emotional distress and commercial loss." Id. at 6. Additionally, seeking to invoke this Court's supplemental jurisdiction, plaintiff contends that the search and seizure of his property "was a violation of his commensurate rights under the New York State Constitution." Id. at 7.

    Finally, plaintiff seeks to bring Monell claims against the City of Hudson and Hudson City Police Department for their alleged failure "to properly supervise and discipline its officers, employees and agents." Compl. at 7. Plaintiff argues that this alleged failure to supervise and discipline "was due to the custom, practice, policy, or usage of the Defendants of deliberate indifference to the constitutional and civil rights of citizens of and property owners in the City of Hudson, and in particular, the Plaintiff." Id. at 7-8. For each cause of action, plaintiff demands $2,000,000, "jointly and severally, together with an award of counsel fees." Id. at 9-10.

## 2. Analysis

    It is not clear whether plaintiff intends to sue defendants Miller and Haigh in their individual or official capacities. See generally Compl. To the extent plaintiff seeks to bring his claims against Miller and Haigh in their official capacities, this District has held

that "'claims against municipal officers in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant." Wallikas v. Harder, 67 F. Supp. 2d 82, 83 (N.D.N.Y. Oct. 25, 1999) (citing Busby v. City of Orlando, 931 F.2d 764, 766 (11th Cir. 1991)). Here, plaintiff has also named the City of Hudson as a defendant in the Monell claim. Because plaintiff appears to have commenced this action against the City of Hudson and Miller and Haigh in their official capacities, it is recommended that plaintiff's Monell claims against Miller and Haigh in their official capacities be dismissed, and that any claims against them in their individual capacities proceed. Id. To the extent plaintiff attempts to bring the remaining claims in his complaint against Miller and Haigh in their official capacities, it is also recommended that such claims be dismissed because "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (citations omitted). Accordingly, claims against the individual defendants in their official capacities must fail as a matter of law, cannot be brought under § 1983, and should be dismissed. It is further recommended that the remainder of the complaint proceed. Id.

Plaintiff has failed to provide to the Court whether, as a result of the search and seizure of his property, he faced any criminal conviction. The Supreme Court of the United States has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

4

> tribunal authorized to make such determination, or called
> into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has
> not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thus, Heck generally bars any section 1983 challenges to a conviction unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus," also known as the "favorable termination" requirement.  Id. at 487.   If it is the case that the allegedly illegal search of plaintiff's property led to a criminal conviction, a challenge to the search of the property would be barred by Heck as success on such claim would necessarily invalidate that conviction. There are not enough facts pleaded in the complaint to assess whether the complaint would be barred by Heck.  Accordingly, it is recommended that plaintiff's complaint be dismissed without prejudice and with opportunity to amend to permit plaintiff an opportunity to provide additional information as to whether he faced – or faces –  a criminal conviction as a result of the allegedly illegal search and seizure of his property.[2]

     Finally, plaintiff has named as defendants "yet unknown employees and agents of City of Hudson and Unknown Employees and Agents of Hudson City Police Department."  Compl. at 1.   In the event that the District Judge permits this complaint

---

[2]  Plaintiff is advised that, if plaintiff chooses to amend his complaint, the amended complaint must be a complete pleading that will replace and supersede the original complaint in its entirety.  Plaintiff is further advised that, in any such amended complaint, he may not re-assert any claims that have been dismissed *with prejudice* by the Court.

5

to proceed and plaintiff wishes to pursue this claim against these defendants, he must take reasonable steps to ascertain their identities.[3]

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that all claims brought in plaintiff's complaint (Dkt. No. 1) against defendants Craig Haigh and Sergeant Miller in their official capacities be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that the remainder of the complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE and with opportunity to amend** so that plaintiff may provide the Court with additional information, as detailed herein, so that the Court may properly assess whether his claims are barred by Heck v. Humphrey; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within

---

[3] *If the District Judge, upon Review of this Report-Recommendation and Order, determines that the Complaint may proceed*, and plaintiff then decides he wants to proceed against the "unknown employees and agents," once he ascertains such defendants identities, plaintiff may file a motion to amend his pleadings and seek leave of the Court to add such individuals, by name, as defendants to this lawsuit. Plaintiff is advised that, *should the District Judge determine, on review of this Report-Recommendation and Order, that this action can proceed*, failure to timely serve these currently unidentified defendants will result int his action be dismissed as against them.

which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: November 16, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

7